KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant United States Attorney
California Bar Number 234139
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6760
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JORGE GUZMAN-MUNGUIA,<br><br>                Defendant. | Criminal Case No. 08CR1635-LAB<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>**(1)    COMPEL DISCOVERY AND PRESERVE EVIDENCE;**<br><br>**ALONG WITH UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY.**<br><br>Date:      July 7, 2008<br>Time:     2:00 p.m. |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christina M. McCall, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motions and its Motion for Reciprocal Discovery. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

///

///

# I

# **STATEMENT OF FACTS**

**A.   Defendant's Apprehension**

Defendant, Jorge Guzman-Munguia, is 23 years old. On April 22, 2008, at around 12:23 p.m., Defendant drove into the Calexico West Port of Entry. Defendant was driver and sole occupant of a 2006 Mercedes sedan with Baja, California license plates. Defendant's mother was the registered owner of the Mercedes.

In the primary inspection area, Defendant said that he had nothing to declare for customs purposes. Defendant indicated that he was headed to the bank in Calexico and that he was a law student. Defendant told the inspector the vehicle belonged to his mother. The inspector opened the rear passenger door to perform a routine vehicle inspection. Without the inspector asking for the registration document, Defendant indicated that he wanted to show the inspector the document. The officer noticed the Mercedes' floor was higher than usual. The officer then removed the cover for the right back passenger rocker panel and noticed the cover was loose. The inspector referred Defendant and the Mercedes for further inspection.

In the secondary inspection, a narcotics detector dog alerted to the rear floor of the Mercedes. The secondary inspector noticed scratch marks on the floor of the vehicle and noticed a strong smell of bondo coming from the floor. The officer searched the Mercedes with an x-ray machine, which revealed anomalies in the floor. After removing the rear seats, two small access panels were found underneath the area of the seats. The panels revealed a large compartment built into the floor of the vehicle, concealing 26 packages of cocaine, weighing 31.5 kilograms or 69 pounds.

At 4:56 p.m., Immigration and Customs Enforcement ("ICE") agents advised Defendant of his Miranda rights in Spanish. Defendant acknowledged each of his rights and agreed to answer questions about the offense. During the course of the interview, Defendant admitted knowledge of the controlled substance hidden inside the Mercedes, but indicated he believed the substance was marijuana.

1    On May 21, 2008, a federal grand jury for the Southern District of California returned a two-
2 count Indictment against Defendant, charging him with: knowingly importing 5 kilograms or more, to
3 wit: approximately 31.54 kilograms (69.38 pounds) of cocaine, and possessing, with intent to distribute,
4 31.54 kilograms of marijuana, in violation of Title 21 U.S.C. §§ 952 and 841.

5                                              **II**

6    **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS**

7    **A.    ORDER COMPELLING DISCOVERY IS UNNECESSARY**

8        No Order is Required; The United States is Complying With Discovery Obligations

9    The United States has produced 60 pages of discovery as of the filing of this response, as well
10 as a digital video recording of Defendant's post-arrest Miranda statements. The United States has
11 complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S.
12 83 (1963), the Jenks Act (18 U.S.C. §3500), and Federal Rule of Criminal Procedure 16. Because the
13 United States has complied and will comply with its discovery obligations, an order to compel discovery
14 is unwarranted and the request for such an order should be denied.

15        1.    Defendant's Statements

16    Defendant has already been provided with copies of reports detailing his statements prior to being
17 taken into custody. Additionally, Defendant has a video recording of his post-arrest statements.

18        2.    Arrest Reports, Notes, and Dispatch Tapes

19    The Government has provided Defendant with all known reports related to Defendant's arrest
20 in this case that are available at this time. The Government is not aware of the existence of any dispatch
21 tapes relevant to this case, which arose at the Port of Entry. The Government will continue to comply
22 with its obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the
23 Government has no objection to the preservation of the agents' handwritten notes, but objects to
24 providing Defendant with a copy of the rough notes at this time because the notes are not subject to
25 disclosure under Rule 16, the Jencks Act, or Brady

26        3.    Brady Material

27    The United States will comply with its obligations to disclose exculpatory evidence under Brady
28 v. Maryland, 373 U.S. 83 (1963). Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the

government need not disclose "every bit of information that might affect the jury's decision." United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). Impeachment evidence may constitute Brady material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted).

### 4-5.  Information that May Result in a Lower Sentence

Except to the extent that such material might fall within the province of Brady information, this request is unsupported by any case law or statute.

### 6.  Defendant's Prior Criminal Record

The United States has already provided copies of Defendant's rap sheet, covering any contact with United States law enforcement personnel. If Defendant has a criminal history in Mexico, the United States requests reciprocal discovery; otherwise, to the extent that any foreign criminal history exists, the information will be provided as discovery once this office obtains it.

### 7.  Any Proposed Rule 404(b) Evidence

The Government will disclose in sufficient time advance of trial, the general nature of any "other bad acts" evidence that the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). To the extent possible, the Government will provide the Rule 404(b) evidence to Defendant within three weeks prior to trial. The Government will also provide notice of all impeachment evidence by prior criminal convictions as required by Fed. R. Evid. 609.

### 8.  Evidence Seized

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. However, the bulk cocaine in this

case will likely be destroyed, pursuant to the Code of Federal Regulations. The samples will be preserved.

The United States need not, however, produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 583-84 (9th Cir. 1984).

9. <u>Preservation of Evidence</u>

The United States will preserve all evidence to which the defendant is entitled to pursuant to the relevant discovery rules. The United States objects to a blanket request to preserve all physical evidence, especially since preserving the bulk cocaine would have no impact on Defendant's sentencing if he is convicted.

9. <u>Tangible Objects</u>

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

10, 11, 12, 13, 14, 119, 21. <u>Giglio/Henthorn Information</u>

The United States will comply with the requirements of <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) by having agencies conduct a review of government agents' personnel files in advance of trial.

15. <u>Witness Addresses</u>

The United States will provide the names of the witnesses it intends to call at trial. Defendant has already received access to the names of potential witnesses through the discovery sent to his counsel. The United States objects to Defendant's request for witness addresses. None of the cases cited by Defendant, nor any rule of discovery, requires the United States to disclose witness addresses. The United States does not know of any individuals who were witnesses to Defendant's offenses except the law enforcement agents who apprehended him. The names of these individuals have already been provided to Defendant.

1    16.    <u>Witnesses Favorable to Defendant</u>

As indicated above, the United States will comply with its discovery obligations to produce information that is exculpatory to Defendant, although it has discovered no such information as of this date. To the extent that it discovers such information, the United States will provide information about witnesses who made favorable statements about Defendant.

17.    <u>Statements Relevant to the Defense</u>

Unless Defendant indicates which defense he is pursuing, it is incredibly difficult to determine any statement that might be relevant to any possible defense or contention that he might assert, and not required unless such statement qualifies as <u>Brady</u> material.

18.    Jencks Act Material / Statements

The United States has or will comply with the disclosure requirements of the Jencks Act. For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act if the statements are adopted by the witness, as when the notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)). By the same token, rough notes by an agent "are not producible under the Jencks Act due to the incomplete nature of the notes." <u>United States v. Cedano-Arellano</u>, 332 F.3d 568, 571 (9th Cir. 2004).

20, 23    <u>Expert Witnesses / Scientific Tests</u>

The United States will comply with Fed. R. Crim. P. 16(a)(1)(G) and provide Defendant with notice and a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

22.    <u>Cooperating Witnesses / Agreements With Witnesses</u>

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense.

1  Roviaro v. United States, 353 U.S. 53, 59 (1957). These threshold requirements have been interpreted
2  to require that, if any cooperating witnesses or informants were involved or become involved, Defendant
3  must show that disclosure of the informer's identity would be "relevant and helpful" or that the informer
4  was the sole percipient witness before he would even be entitled to an in-camera evidentiary hearing
5  regarding disclosure of the informer's identity. United States v. Jaramillo-Suarez, 950 F.2d 1378, 1386-
6  87 (9th Cir. 1991), quoting Roviaro v. United States, 353 U.S. 53, 60 (1957). The Government does not
7  have any agreements that would benefit any witness it plans to call at trial.

## III

## UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

10  Defendant has invoked Fed. R. Crim. P. 16(a) and the United States has voluntarily complied
11  with the requirements of Rule 16(a). Therefore, provision 16(b) of that rule, requiring reciprocal
12  discovery, is applicable. The United States hereby requests Defendant to permit the United States to
13  inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or
14  make copies of portions thereof, which are within the possession, custody or control of Defendant and
15  which he intends to introduce as evidence in his case-in-chief at trial.

16  The United States further requests that it be permitted to inspect and copy or photograph any
17  results or reports of physical or mental examinations and of scientific tests or experiments made in
18  connection with this case, which are in the possession or control of Defendant, which he intends to
19  introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends
20  to call as a witness. The United States also requests that the court make such orders as it deems
21  necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which
22  it is entitled.

23  Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all
24  witnesses, except Defendant. The time frame established by the rule requires the statement to be
25  provided after the witness has testified, as in the Jencks Act. The United States hereby requests that
26  Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial
27  to be set by the court. This order should include any form these statements are memorialized in,
28  including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**V**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that Defendant's motions, except where not opposed, be denied and the United States' motion for reciprocal discovery be granted.

DATED: June 30, 2008

                Respectfully Submitted,

                KAREN P. HEWITT
                United States Attorney

                /s/ Christina M. McCall

                CHRISTINA M. McCALL
                Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     v.<br><br>JORGE GUZMAN-MUNGUIA,<br><br>        Defendant. | Case No. 08CR1635-LAB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Merle Schneidewind, Esq.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on June 30, 2008.

                                                /s/ Christina M. McCall
                                                CHRISTINA M. McCALL